**Opinion issued May 7, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00934-CR

———————————

**JOSE CRUZ TUNAL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 187th District Court**
**Bexar County, Texas**
**Trial Court Cause No. 2014CR6650W**

---

## MEMORANDUM OPINION

Appellant, Jose Cruz Tunal, pleaded guilty, with an agreed recommendation from the State, to the offense of harassment of a public servant, a third-degree felony. *See* TEX. PENAL CODE § 22.11. The trial court found sufficient evidence to find appellant guilty, but deferred making any finding regarding appellant's guilt and

placed appellant on community supervision for a period of two years. *See* TEX. CODE CRIM. PROC. art. 42A.101. The State then filed a motion to adjudicate appellant's guilt, alleging that appellant failed to report to his probation officer as directed on January, February, March, and April of 2018. *See id.* art. 42A.108. Appellant pleaded true to failing to report to his probation officer. After a hearing, the trial court found that appellant committed a violation of his community supervision, adjudicated appellant guilty, and sentenced appellant to three years in prison. *See id.*; TEX. PENAL CODE § 12.34. Appellant timely filed a notice of appeal.[1]

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and he is

---

[1] Pursuant to the Texas Supreme Court's docket equalization powers, this appeal was transferred from the Fourth Court of Appeals to this Court on September 26, 2018. *See* TEX. GOV'T CODE ANN. § 73.001; Order Regarding Transfer of Cases From Courts of Appeals, Misc. Docket No. 18-9130 (Tex. Sept. 26, 2018). We are unaware of any conflict between precedent of the Fourth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Appellant did not file a response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[2] Attorney Rafael Leal must immediately send appellant the required

---

[2]     Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

3

notice and file a copy of the notice with the Clerk of this Court. *See* Tᴇx. R. Aᴘᴘ. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.

Do not publish. Tᴇx. R. Aᴘᴘ. P. 47.2(b).